No. 203

STATE ex KREIDEMAN v. UPHAM et

Ohio Appeals, 2nd Dist., Franklin Co.

Nos. 1452 and 1453. Decided Oct. 15, 1926

747. MANDAMUS—A writ of mandamus is not an appropriate remedy to control the discretion of the Medical Board, the entire matter of issuing licenses is placed within the discretion of the Board.

BY THE COURT.

These actions were brought originally in the Court of Appeals by Frederick Kriedeman and John Schelosky to compel the State Medical Board to issue to each of them, licenses to practice the chiropractic branch of medicine. It was alleged that the relators were actually and continuously engaged in the practice of said limited branch of chiropractic for a period of five years; and that they are entitled to licenses under 1274-2 GC.

It was further alleged that application had been duly made for such licenses, but that the Board wantonly and arbitrarily had refused the licenses, this action constituting a gross abuse of authority. The Court of Appeals held:

1. It is clear from the opinion in the case of State ex rel v. Medical Board, 107 OS. 20, that a liberal scope is given to the discretion of the Medical Board and that they are not bound to accept as proof, the affidavits filed before them by the applicants.

2. The additional question here is as to whether the evidence clearly excludes any dis-

cretion on the part of the State Medical Board to refuse to grant the licenses and make out a case wherein it is mandatory that the licenses be granted.

3. The writ of mandamus is not an appropriate remedy to control the discretion of the Medical Board. Besides, the law gives the applicant for a license, the right of appeal to the Common Pleas Court, where the applicant is for the first time given the right to have a judicial investigation of his application.

4. "The entire matter of issuing licenses is placed within the discretion of the State Medical Board, and no other public officer or Board has any control over the issuing of such licenses, except that a review is provided by proper appeal from certain orders made by the State Medical Board."

5. The fact that both the relators were employed during the day otherwise than in the practice of the limited branch of chiropractic, is some presumption that their practices were not sufficient in volume or extent to clearly bring them within the statute requiring that the Board issue a license.

6. An action of mandamus requires a clear case, and in the absence of clear proof the writ must be refused.

Writs of mandamus refused.

(Allread, Ferneding & Kunkle, JJ., concur.)

**Attorneys**—S. J. Kornhauser, Cleveland, and Schanfarber & Walsh, Columbus, for Kriedeman et; C. C. Crabbe and H. D. Mills, Columbus, for defendants.